IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP "JUNIOR" SPEARS,

    Plaintiff,

v.

WILSON COUNTY, TENNESSEE

                                                                                 (Jury Trial Requested)

    Defendant.

_____/

## COMPLAINT

For over 20 years, Plaintiff Phillip "Junior" Spears ("Plaintiff' or "Mr. Spears") was a career firefighter and EMT employed by Defendant, Wilson County, Tennessee ("Defendant" or "Wilson County"), in its Emergency Management Department. In October 2022, while on duty, Mr. Spears tore his ACL and meniscus and was placed on Worker's Compensation leave. He underwent surgery for his injuries on February 1, 2023. Later in February, Mr. Spears contracted Norovirus, causing his spleen to swell dangerously and for a prolonged period, further delaying his recovery. Mr. Spears kept Wilson County apprised of his recovery and medical condition, provided documentation, and informed his employer of needed time off. During this time, Mr. Spears used his Paid Time Off. When it became clear that Mr. Spears was about to exhaust his PTO, he contacted Wilson County to request an accommodation of medical leave. Wilson County discouraged Mr. Spears from requesting federally protected FMLA leave to which he was entitled. He was instead directed to contact the Director of Emergency Management, Mr. Joey Cooper, for a leave of absence. When Mr. Spears requested approximately 6 weeks of medical leave to allow for inflammation in his spleen to reduce, Mr. Cooper, who was aware that Mr. Spears had also spoken to HR about FMLA, unilaterally terminated Mr. Spears without engaging in the interactive

1

process. Mr. Spears requested an appeal of this decision to which he was entitled by policy, but Mr. Cooper denied the request. Wilson County discriminated against and retaliated against Mr. Spears in violation of the Americans with Disabilities Act, the Tennessee Disabilities Act, interfered with his rights and retaliated against Mr. Spears in violation of the Family Medical Leave Act and violated his due process rights under 42 U.S.C. § 1983.

## PARTIES

1. Plaintiff, Phillip "Junior" Spears, a male, is a citizen and resident of Lafeyette, Macon County, Tennessee, and former employee of Defendant, Wilson County, Tennessee.

2. Defendant, Wilson County, Tennessee, is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee. At all relevant times, Defendant employed Plaintiff.

3. At all material times, Defendant has been an employer as defined by Americans with Disabilities 42 U.S.C. § 12111.

4. Plaintiff is a qualified individual with a disability under C.F.R. § 1630.2(g) and (h)(2).

5. At all material times, Defendant has been an employer as defined by the Tennessee Disabilities Act, T.C.A. § 8-50-103.

6. At all material times, Defendant employed 50 or more employees for each working day during each of 20 or more calendar work weeks in 2023 and is an "employer" as defined by the Family Medical Leave Act 29 U.S.C. § 2611(4)(A).

7. At all material times, Defendant was Tennessee governmental entity organized, existing under the laws of the State of Tennessee, and performing state functions under the color of law under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

8. This is an action for unlawful employment practices under the Americans with Disabilities Act ("ADA") (Count I and II), the Tennessee Disabilities Act ("TDA") (Count III), the Family Medical Leave Act (Count IV and V), and 42 U.S.C. § 1983 (Count VI).

9. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

10. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to the ADA, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; and after 180 days of investigation had passed, Plaintiff requested that the EEOC issue a Notice of Right to sue. The EEOC issued Plaintiff's right to sue on May 24, 2024, and this action was commenced within 90 days of receipt of the right to sue.

## FACTUAL BACKGROUND

11. For 20 years, Plaintiff, Phillip "Junior" Spears, worked as an EMT firefighter for Defendant Wilson County in its Emergency Management Department in Lebanon, Tennessee until he was terminated on June 15, 2023.

12. In October 2022, after tearing his ACL and meniscus while on duty, Mr. Spears was put on Workers' Compensation leave.

13. On February 1, 2023, Mr. Spears had surgery for his torn ACL and meniscus.

14. Throughout his leave and after surgery, Mr. Spears provided his Workers' Compensation doctor notes to Ms. Holly Taylor in Defendant's Employment Benefits department, as directed by Defendant.

15. From February 25-28, 2023, Mr. Spears was hospitalized for vomiting, diarrhea, and a fever. He was ultimately diagnosed with Norovirus upon discharge.

16. Mr. Spears notified Ms. Taylor of his medical condition, and she informed him that she would keep the Director of Emergency Management, Mr. Joey Cooper, updated on Mr. Spears' condition during his leave and that Mr. Spears need not worry about it.

17. Mr. Cooper oversees the entire Emergency Management Department.

18. As directed by Ms. Taylor, Mr. Spears continued to provide her with all his notes and related medical records under the belief she was the primary contact and correct person to relay such information to. He was never told otherwise.

19. In the medical documentation provided by Mr. Spears, his medical condition and complications, including the swelling of internal organs, were specifically disclosed.

20. Later, Ms. Taylor informed Mr. Spears he could contact Mr. Cooper, which he did.

21. Mr. Spears attempted to contact and call Mr. Cooper, but ultimately had to leave him a voicemail regarding the situation.

22. Mr. Cooper did not respond to this voicemail or contact Mr. Spears back in any way.

23. Around the beginning of June 2023, when Mr. Spears was about to exhaust his sick leave, he talked to Wilson County's Training Section Division Chief, Shannon Cooper, who is Mr. Cooper's wife, to discern what he needed to do now that his sick leave was almost exhausted.

24. Mr. Spears informed Mrs. Cooper of his medical condition, expressed concern about losing his job, and asked what he could do to protect it, as he was still experiencing symptoms of his disability that prevented him from returning to work.

25. During this conversation, Mrs. Cooper told Mr. Spears that he was a 20-year employee and that he did not have to worry about being fired.

26. Mrs. Cooper advised Mr. Spears to contact the Finance Department regarding his remaining sick leave and to inquire about a leave of absence.

27. Upon information and belief, other employees had been granted leaves of absences.

28. Mrs. Cooper also advised Mr. Spears to contact Human Resources and Mr. Cooper regarding next steps.

29. Mr. Spears spoke to Shelley Shaw in the Finance Department, who directed Mr. Spears to the HR Department.

30. When Mr. Spears spoke to Ms. Quina Scruggs in Human Resources, she did not provide Mr. Spears with information regarding federally protected FMLA and instead discouraged him from requesting it, noting it would take two weeks to be approved, whereas obtaining an approved leave of absence would be easier, would take less time, and could be handled internally, since he only needed a "certain amount of time" off.

31. Ms. Scruggs directed Mr. Spears to first have a conversation with Mr. Cooper about whether to request a leave of absence or apply for FMLA.

32. Ms. Scruggs also advised that if Mr. Cooper denied his request for a leave of absence, he could come back to her and apply for FMLA.

33. On June 12, 2023, Mr. Spears met with Mr. Cooper, informed him of his continued disability, and requested a leave of absence with a return-to-work date of July 21, 2023, due to the enlargement of his spleen caused by Norovirus.

5

34. Such information was specifically relayed in a doctor's note by Mr. Spears's hematologist, detailing that due to the enlarged spleen, Mr. Spears could not lift any heavy objects and had to be very careful in any bodily movements until his spleen reduced in size and swelling.

35. Once again, Mr. Spears kept his employer apprised of his medical condition and restrictions.

36. In this same meeting with Mr. Cooper, Mr. Spears offered to provide any written documentation necessary but was not asked to provide any.

37. In response, Mr. Cooper told Mr. Spears that he would give him his decision at the end of the day.

38. Mr. Cooper did not contact Mr. Spears.

39. Instead, on June 15, 2023, just three days later, Mr. Spears' email and employee accounts were all disabled and he was denied access to his employee email and other employee platforms.

40. Upon information and belief, Wilson County had removed Mr. Spears's access to his work email.

41. Mr. Spears immediately contacted the shift supervisor at the time, Shift Commander Eric Clinard, about the issue.

42. Mr. Clinard asked if Mr. Spears had gotten an email yet and Mr. Spears told him, "No" and that Mr. Cooper was supposed to contact him.

43. Mr. Clinard told Mr. Spears that he needed to read the email and forwarded the email to Mr. Spears's daughter's email.

44. The email, sent on June 14 to Mr. Spears's work email that he no longer had access to, included a letter attached, stating that Mr. Spears was terminated for failing to provide the necessary medical documentation to support his medical leave.

45. Mr. Spears called Ms. Taylor, who relayed that, soon after Mr. Spears's meeting with Mr. Cooper on June 12, she had informed Mr. Cooper of Plaintiff's medical situation, disability, request for accommodation, and his eligibility for FMLA leave.

46. When Mr. Spears asked Ms. Taylor if anything could be done, she said "no."

47. Ms. Taylor stated that Mr. Cooper had called a meeting with her and Ms. Scruggs to discuss Mr. Spears' request for a leave of absence, she believed Mr. Cooper had decided to terminate Mr. Spears before the meeting even occurred, and she was sure Mr. Cooper's decision was going to stand.

48. Mr. Spears called Mr. Cooper's secretary and requested another meeting with Mr. Cooper, hoping to resolve the issue and keep his job. Mr. Cooper denied the meeting request.

49. On June 16, 2023, Mr. Spears emailed Mr. Cooper to request that he reconsider his decision to terminate him.

50. Wilson County policy states an employee can appeal a termination within 7 days and that the appeal will be heard by a panel.

51. On June 26, 2023, Mr. Cooper denied the request for an appeal.

52. At the time of his termination, Mr. Spears had approximately 400 hours of vacation time still available for use. This vacation time was available for Mr. Spears to take when Mr. Cooper terminated him.

53. On July 11, 2023, 15 days after Mr. Spears's termination, his hematologist fully released him to work with no restrictions.

7

Case 3:24-cv-00716     Document 1     Filed 06/11/24     Page 7 of 13 PageID #: 7

# COUNT I
## Violation of the ADA - Discrimination

54. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

55. Pursuant to the ADA, an individual is considered to have a disability if he has physical impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

56. Plaintiff was a qualified individual with a disability as he has limited operation of a major bodily and circulatory function that substantially limits one or more major life activities.

57. Plaintiff was terminated because of his disability and/or regarded as disabled in retaliation for his requests for accommodation, e.g., medical leave and restrictions.

58. Plaintiff was qualified to perform the essential functions of his job with an accommodation.

59. Defendant failed to engage in an interactive process when Plaintiff contacted Human Resources and Mr. Cooper regarding his request for leave. Mr. Spears informed Mr. Cooper that he could provide any documentation from his physician and could discuss the return-to-work date. Mr. Cooper and Human Resources failed to engage in the interactive process before refusing Mr. Spears' accommodation.

60. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

61. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

# Count II

### Violation of the ADA - Retaliation

62. Plaintiff restates and incorporates herein the foregoing paragraphs.

63. It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

64. Plaintiff engaged in protected activity under the ADA when he requested accommodation in the form of leave due to his disability.

65. In violation of the ADA, Defendant retaliated against Plaintiff by unilaterally terminating his employment just three days after he requested an accommodation for his disability.

66. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

### COUNT III
### Violation of TDA – Discrimination

67. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

68. Pursuant to the TDA, an individual is considered to have a disability if he or she has a physical impairment that substantially limits one or more major life activities or is regarded as disabled.

69. Plaintiff is a qualified individual with a disability.

70. Defendant discriminated against Plaintiff on the basis of his disability or regarded him as disabled in violation of the TDA that culminated in his termination.

71. Plaintiff was discriminated against and eventually terminated because of his disability.

72. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

73. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT VI
## Violation of FMLA – Interference

74. Plaintiff restates and incorporates herein the foregoing paragraphs.

75. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

76. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

77. Plaintiff was entitled to receive FMLA leave to care for his serious health conditions and physical impairment.

78. Defendant interfered with Plaintiff's FMLA rights when it failed to provide Plaintiff notice of his rights under FMLA, provide the requisite paperwork to apply for FMLA and actively discouraged Plaintiff from applying for FMLA. Defendant's conduct harmed and caused damage to Plaintiff.

79. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT V
## Violation of FMLA – Retaliation

80. Plaintiff restates and incorporates herein the foregoing paragraphs.

81. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

82. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

83. Plaintiff was entitled to receive FMLA leave to care for his serious health conditions, and physical impairment.

84. Defendant retaliated against Plaintiff's when he inquired about applying for FMLA leave related to his serious health condition and physical impairment. Within just three days of this inquiry, Mr. Cooper terminated Plaintiff. Both Plaintiff and Human Resources communicated to Mr. Cooper that Plaintiff was seeking leave related to a serious health condition.

85. Defendant's conduct harmed and caused damage to Plaintiff.

86. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT VI
### Violation of Due Process Under 42 U.S.C. § 1983

87. Plaintiff restates and incorporates herein the foregoing paragraphs.

88. Defendant is a local state government entity subject to 42 U.S.C. § 1983.

89. Defendant did not give the Plaintiff the opportunity for a hearing before it deprived him of his property interest when it terminated him as a public employer.

90. Defendant actively ignored and violated Plaintiff's due process rights when it failed to provide a pre- and post-deprivation process, to which Plaintiff was entitled per Defendant's own appeal process.

91. As a result of Defendant's actions, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**RELIEF REQUESTED**

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement for medical costs due to the loss of his insurance;

3. Reinstatement and/or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled under the FMLA, the ADA, the TDA, 42 U.S.C. § 1983, and any other statutory or common law.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR # 037651
HMC Civil Rights Law PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*